IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST CASSELL WOODS II,

    Plaintiff,                      No. CIV S-05-0049 MCE DAD P

    vs.

TOM L. CAREY, Warden, et al.,       ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action. Plaintiff's amended complaint is before the court.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and an arguable factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

A complaint should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of his claims that would entitle him to relief. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint. <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976). The court also construes the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff proceeding under § 1983 must allege that he was deprived of a right secured by the constitution or laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). The "under color of state law" requirement is an essential element of a § 1983 action. It is the plaintiff's burden to prove that all defendants were acting under color of state law when they deprived him of his federal rights. <u>Lee v. Katz</u>, 276 F.3d 550, 553-54 (9th Cir. 2002).

Section 1983 requires an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of

§ 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has not submitted his amended complaint on a form. The pleading does not identify and provide the addresses of all defendants, and plaintiff has presented the amended complaint as a request for leave to amend. Plaintiff has improperly attached the court's previous order to his amended complaint.

As in his original complaint, plaintiff alleges that the warden of California State Prison-Solano is engaging in a conspiracy with MCI Telecommunication Corporation to extort money from prisoners by overcharging them for long distance telephone calls. Plaintiff again asks the court to conduct an investigation regarding tariffs, force the CDC to submit contracts to the telephone companies for open competition, consider Voice Over Internet Protocol, and compare various telephone rates. (Am. Compl. at 1.) Plaintiff asserts violations of his right to due process and his rights under the First and Eighth Amendments. Plaintiff seeks injunctive relief as well as compensatory and punitive damages.

Plaintiff was previously advised that under the doctrine of standing he must allege "a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984). The court is deprived of jurisdiction when the plaintiff lacks a legally cognizable interest in the outcome. Powell v. McCormack, 395 U.S. 486, 496 (1969). In the present case, plaintiff lacks standing to assert the claims of his family. His claims concerning overcharges and choice of long-distance carrier must be raised by his family in lawsuits of their own. Plaintiff has attempted to cure this defect by alleging that his mother has refused to change long distance carriers based on the high rates of prison calls and that plaintiff is therefore deprived of telephone access altogether.

Assuming for the sake of argument that plaintiff has now alleged a personal injury fairly traceable to the defendants' allegedly unlawful conduct, the undersigned finds that

plaintiff's amended complaint fails to state any claim upon which relief may be granted. In 1999, the Ninth Circuit Court of Appeals addressed a California state prisoner's claim that the warden of his institution was engaging in a conspiracy with telephone companies to extort money from prisoners by overcharging them for telephone calls. Johnson v. California, 207 F.3d 650 (9th Cir. 1999). The court observed that, "[a]lthough prisoners have a First Amendment right to telephone access, this right is subject to reasonable limitations arising from the legitimate penological and administrative interests of the prison system." 207 F.3d at 656. The court found "no authority for the proposition that prisoners are entitled to a specific rate for their telephone calls" and determined that the complaint alleged no facts from which the court could conclude that the rate charged was so exorbitant as to deprive prisoners of phone access altogether. Id. The court affirmed the district court's dismissal of this claim with prejudice.

      The Ninth Circuit revisited the issue of an inmate's right to telephone access in Valdez v. Rosenbaum, 302 F.3d 1039 (9th Cir. 2002), cert. denied, 538 U.S. 1047 (2003). The plaintiff, a pretrial detainee, contended that restricting his telephone access violated his rights to due process and freedom of speech. The court held that there is no constitutionally protected liberty interest in access to a telephone and no procedural due process violation where the applicable state law merely mandated "reasonable access to a telephone" and gave prison officials discretion to determine what access was reasonable. 302 F.3d at 1045. The court also held that there was no substantive due process violation because the restriction on the detainee's telephone access did not amount to impermissible punishment. Id. at 1045-47.

      Turning to the plaintiff's First Amendment claims, the Valdez court found that previous assertions in dicta of a First Amendment right to telephone access failed to identify the genesis or the source of such a right. 302 F.3d at 1047-48. The court decided that the First Amendment right at issue is "the right to communicate with persons outside prison walls" and that use of a telephone is merely one means of exercising this right. Id. at 1048. The court applied the four-factor test of Turner v. Safley, 482 U.S. 78 (1986), and concluded that the

restriction on the plaintiff's telephone access did not violate the First Amendment. Id. at 1049. See Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986) (holding that an inmate's right to communicate is subject to rational limitations in the face of legitimate security interests).

The facts alleged in plaintiff's amended complaint do not demonstrate a due process violation or a violation of plaintiff's First Amendment right to communicate with persons outside the prison. Plaintiff's Eighth Amendment claim also fails because plaintiff has not alleged that high telephone rates constitute a failure by prison officials to provide humane conditions of confinement or a failure to take reasonable measures to guarantee plaintiff's safety. See Wilson v. Seiter, 501 U.S. 294, 303 (1991); Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). Plaintiff has not alleged facts demonstrating that objectively he suffered a sufficiently serious deprivation or that subjectively the defendants had the requisite state of mind in allowing or causing plaintiff's alleged deprivation to occur. See Wilson, 501 U.S. at 298-99.

Plaintiff's amended complaint should be dismissed for failure to state any claim upon which relief may be granted. In light of plaintiff's inability to cure the defects of his original complaint, further leave to amend should not be granted.

Plaintiff filed a request for judicial notice under Rule 201 of various articles in newspapers and journals. Plaintiff also cites television reports. These documents do not present facts generally known within the territorial jurisdiction of this court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201(b). Plaintiff's request for judicial notice will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's October 24, 2005 request for judicial notice is denied; and

IT IS RECOMMENDED that this action be dismissed without prejudice for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 14, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
wood0049.56