IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST CASSELL WOODS II,

       Plaintiff,                    No. 2:05-cv-0049-MCE-DAD P

   vs.

TOM L. CAREY, Warden, et al.,

       Defendants.             ORDER

_____/

        On January 26, 2006, this action was dismissed without prejudice for failure to state a claim upon which relief may be granted.  On February 9, 2006, plaintiff filed a motion for reconsideration in which he states that he "understands better what the court is asking for" and "asks this court for another opportunity to state his claim for relief."  Plaintiff has also submitted two requests for judicial notice of newspaper articles pursuant to Rule 201.

        The documents attached to plaintiff's requests for judicial notice do not present facts generally known within the territorial jurisdiction of this court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  See Fed. R. Evid. 201(b).  The requests for judicial notice will be denied.

///

A request for reconsideration is directed to the sound discretion of the court. See Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981). A party seeking reconsideration must brief the "new or different facts or circumstances" which were not shown previously "or what other grounds exist for the motion." Local Rule 78-230(k). This rule is grounded on the principle that decisions on legal issues made in a case should be followed unless there is substantially different evidence or new controlling authority, or the party demonstrates that the court's prior decision was clearly erroneous and resulted in injustice. See Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985). A motion to reconsider is not a vehicle by which an unsuccessful party can "rehash" arguments or present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).

In this case, the first four pages of plaintiff's motion for reconsideration rehash allegations and arguments previously presented in plaintiff's original complaint, his amended complaint, and his objections to the magistrate judge's findings and recommendations. Plaintiff's contentions in these pages do not present new or different facts or circumstances that were not shown previously and fail to demonstrate that the order filed January 26, 2006, was clearly erroneous and resulted in injustice.

On the final page of his motion for reconsideration, plaintiff expresses his desire to add three new defendants and claims wholly unrelated to the claims alleged in his previous pleadings. The court will not set aside the judgment entered on January 26, 2006, to permit plaintiff to allege claims that arose in February 2006. If plaintiff has exhausted available administrative remedies on his new claims, he may file a new action alleging those claims. The court expresses no opinion on the merits of those claims.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 9, 2006 motion for reconsideration is denied;

2. Plaintiff's February 27, 2006 request for judicial notice is denied; and

3. Plaintiff's April 18, 2006 request for judicial notice is denied.

DATED: April 28, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

/wood0049.recon